## THE ALBISOLA.
### No. 73 of 1928.

District Court, E. D. Pennsylvania.
Oct. 24, 1933.

Clark, Carr & Ellis (by Frederick H. Stokes), all of New York City, for plaintiff.

Acker, Manning & Brown (by J. T. Manning, Jr.), all of Philadelphia, Pa., for claimant.

Biddle, Paul, Dawson & Yocum, of Philadelphia, Pa., and Loomis & Ruebush (by Homer L. Loomis), of New York City, for defendant.

KIRKPATRICK, District Judge.

This is a claim for additional compensation by a stevedoring company which discharged the respondent's cargo under a written contract. The work has been done and the libelant has received payment according to the rate fixed on page 1 of the contract. It is conceded that the libelant has been paid in full, unless the fact that the cargo was damaged and some portion of it, not definitely ascertained, had to be handled under distress conditions, entitles it to additional compensation. The libelant claims that it does, first, because of the contract itself, and, second, because of the existence of an alleged custom of the port of New York.

The contract contained an agreed schedule of rates by means of which the amount to be paid for the work could be definitely ascertained. It contemplated that there might be a change in the agreed rate. A clause provided: "All rates quoted herein are based on and subject to the present wage scale and working conditions prevailing in the port of loading or discharging. In the event of increase or decrease in such wage scale or change in working conditions the rates will, as a consequence, be increased or decreased."

This clause, however, is not applicable to the contingency of the cargo being damaged. Even though the libelant's agreement with his longshoremen compelled him to pay them higher wages for work on damaged cargo, there was no increase in "the present wage scale." The same wage scale was in force at the time the contract was made as when the work was done, and the provision for double pay for work on damaged cargo was then as now a part of it. The "change in working conditions" appears by the first sentence to refer to "working conditions prevailing in the port * * * of discharging." This I suppose means place and conditions of unloading, docking, and berthing facilities. At any rate it clearly does not mean working conditions upon the vessel itself.

There is therefore nothing in the contract affecting the rate of payment in the event of damaged cargo.

The respondent offered evidence of a custom of the port of New York by which the stevedore received his additional cost plus 10

per cent. in case he had to work upon damaged cargo.

■ Assuming that the evidence was sufficiently definite to establish the existence of such custom, it cannot affect the contractual relations of these parties, for two reasons:

First. There is no evidence that the parties contracted with reference to it. Nor can this be presumed from the mere existence of the custom, since it is concededly a local custom and one of the parties was a nonresident and there is nothing to show that he knew of it. The rule is that such knowledge cannot be presumed, without proof, except in the case of a custom prevailing generally in the trade or business in which both parties are engaged. Chateaugay Ore & Iron Company v. Blake, 144 U. S. 476, 12 S. Ct. 731, 36 L. Ed. 510; Isaksson v. Williams (D. C.) 26 F. 642; The City of Atlanta (D. C.) 17 F.(2d) 311.

Second. The evidence of the custom, if accepted, would be in contravention of the terms of the written contract. The contract does not expressly refer to payment for discharging damaged cargo, but that does not mean that that point is not covered. Had the agreed rates been fixed for discharging sound cargo, there would, of course, have been a hiatus which might have been supplied. But the consideration is to be paid for "Discharging Corkwood," and that includes damaged as well as sound corkwood. Evidence of a custom will not be received upon a matter as to which the contract has spoken. Barnard v. Kellogg, 10 Wall. 383, 19 L. Ed. 987; Dewitt v. Berry, 134 U. S. 306, 10 S. Ct. 536, 33 L. Ed. 896.

The claimant may therefore have a decree of dismissal, with costs.